UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KENNETH R. TILLERY,

    Plaintiff,

v.                                                                                      CASE NO. 6:07-cv-936-Orl-19DAB

OFFICER L. STORMS,

    Defendant.

### ORDER OF DISMISSAL WITHOUT PREJUDICE

On June 1, 2007, Plaintiff filed a civil rights complaint (Doc. No. 11). On the same day, he also filed a motion for leave to proceed in forma pauperis (Doc. No. 2).

Section 1915(g) of Title 28 limits a prisoner's ability to bring a civil action in forma pauperis under certain circumstances:

> (g)     In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, if a prisoner has had three or more cases dismissed for one of the recited reasons, he cannot proceed in forma pauperis and must pay the filing fee in full at the time the lawsuit is initiated. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). Furthermore, "§ 1915(g)'s language makes it clear that the three strikes rule applies to claims dismissed prior to [its April 26, 1996] effective date." *Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).

The Court takes judicial notice of filings previously brought by Plaintiff that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may

Dockets.Justia.com

be granted: (1) 6:00-cv-552-Orl-19A; (2) 6:00-cv-1038-Orl-28A; and (3) 6:03-cv-1589-Orl-22KRS.[1] Based upon these three prior dismissals and Plaintiff's failure to allege that he is under imminent danger of serious physical injury, his application to proceed in forma pauperis will be denied, and this action will be dismissed without prejudice. Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form and paying the full filing fee.

Accordingly, it is now ORDERED AND ADJUDGED:

1. Plaintiff's motion for leave to proceed in forma pauperis (Doc. No. 2) is **DENIED**.

2. This case is hereby **DISMISSED** without prejudice.

3. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida this 5th day of June, 2007.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
sa 6/5
Kenneth R. Tillery

---

[1] Furthermore, the Court notes that Plaintiff certified under penalty of perjury that the complaint was true and correct. (Doc. No. 1 at 10.) However, he failed to mention any of his previous lawsuits on pages 5 and 6 of the complaint. In fact, Plaintiff specifically checked the "No" box after the question inquiring as to whether he had initiated any other lawsuits in federal court relating to his imprisonment or conditions thereof. *See id.* at 5. Moreover, two of Plaintiff's previous cases were dismissed for failure to truthfully complete the complaint. *See* 5:00-cv-311-Oc-10 (dismissed for abuse of the judicial process); 5:00-cv-345-Oc-10 (same). In addition, one other complaint filed by Plaintiff was dismissed based on 28 U.S.C. § 1915(g). *See* 5:04-cv-120-Oc-10GRJ.